IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02731-BNB

ZENITRA K. CROSS and Interesting Parties,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISON FLORENCE AD MAX, and Official Responsible
    Parties,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Zenitra K. Cross, on behalf of himself/herself and other "Interest[ed] Parties," filed a Class Action Complaint in which Plaintiff makes conclusory assertions that unidentified correctional officials at the Federal Bureau of Prisons' ADX facility in Florence, Colorado, have violated inmates' constitutional and statutory rights by tampering with legal mail, interfering with legal visits, and interfering with their rights of free exercise of religion and association. The Plaintiff is not incarcerated at the ADX, but instead resides in Colorado Springs, Colorado.

    On October 9, 2013, Magistrate Judge Boyd N. Boland entered an order directing the Plaintiff to show cause in writing, within thirty days, why this action should not be dismissed for lack of Article III standing. Magistrate Judge Boland thereafter granted Plaintiff's request for an extension of time and ordered the Plaintiff to respond to the show cause order by December 13, 2013. At this time, Plaintiff has not filed a response to the show cause order. Furthermore, Plaintiff has not communicated with the Court

since November 13, 2013.

Article III of the U. S. Constitution gives the federal courts subject matter jurisdiction only over cases and controversies. U.S. Const. art. III, § 2, cl. 1; *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). The doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). To establish Article III standing, "the plaintiff bears the burden of demonstrating the following three elements: (1) an injury in fact; (2) a causal connection between the injury and the challenged action; and, (3) a likelihood that a favorable decision will redress the injury." *Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). An individual generally lacks standing to assert the rights of other persons. *See Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986) ("The general rule ... is that a plaintiff must assert his own constitutional rights.") (citing *McGowan v. Maryland*, 366 U.S. 420 (1961)). Absent a plaintiff with constitutional standing, federal courts lack jurisdiction. *Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009).

Here, Plaintiff is attempting to bring a class action on behalf of inmates at the federal ADX facility in Florence, Colorado, to obtain redress for alleged injuries suffered by the inmates arising from the Defendants' asserted violations of their federal rights. Plaintiff lacks standing to maintain this action because he/she fails to assert an injury to his/her own legal interests. Moreover, Plaintiff Cross's vague reference in the caption to other "interest[ed] parties" does not clearly identify a Plaintiff with constitutional standing. Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITHOUT PREJUDICE for lack of Article III standing. It is

FURTHER ORDERED that *in forma pauperis* status is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he/she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  23rd  day of    December         , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court